UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **KING ANTWAN D. WILSON ALI BEY,** )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>**KENN THELLMAN ,** )<br>)<br>Defendant. ) | **CASE NO. 1:16 CV 2914**<br><br>**JUDGE CHRISTOPHER A. BOYKO**<br><br>**OPINION AND ORDER** |

**CHRISTOPHER A. BOYKO, J.:**

*Pro se* Plaintiff King Antwan D. Wilson Ali Bey filed this action under 42 U.S.C. § 1983 against Kenn Thellman. In the Complaint, Plaintiff alleges Cuyahoga County law enforcement authorities seized security agreements from his home pursuant to a warrant signed by judge. He claims he did not consent to the search or seizure and therefore his Fourth Amendment rights were violated. He seeks monetary damages.

**I.  BACKGROUND**

Plaintiff's Complaint is very brief and contains few facts. He alleges he had in his possession security agreements and contracts between private parties. The documents appear to have been created by Plaintiff and purport to be UCC Financing Statements pertaining to

Garfield Heights Municipal Court Clerk, Donna Marcoguiseppe and Garfield Heights Municipal Court Judge Debra Nicastro. He states police executed a search warrant and seized those items. He contends he did not consent to the search or the seizure and his Fourth Amendment rights were violated.

## II. LAW AND ANALYSIS

**Standard of Review**

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the Court is required to dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). An action has no arguable basis in law when the Defendant is immune from suit or when the Plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke*, 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton v. Hernandez*, 504 U.S. 25, 32 (1992); *Lawler*, 898 F.2d at 1199.

A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the Complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the Complaint are true. *Bell Atl. Corp.*, 550 U.S. at 555.

The Plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678.  A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard.  *Id.*  In reviewing a Complaint, the Court must construe the pleading in the light most favorable to the Plaintiff.  *Bibbo v. Dean Witter Reynolds, Inc*., 151 F.3d 559, 561 (6th Cir. 1998).

**No Allegations Against Defendant**

As an initial matter, Plaintiff never mentions the Defendant in the Complaint.  He does not indicate what official position if any the Defendant holds, and does not allege facts suggesting any actions in which the Defendant personally engaged that may have violated Plaintiff's Fourth Amendment rights.  Plaintiff cannot establish the liability of any Defendant absent a clear showing that the Defendant was personally involved in the activities which form the basis of the alleged unconstitutional behavior.  *Rizzo v. Goode*, 423 U.S. 362, 371 (1976); *Mullins v. Hainesworth*, No. 95-3186, 1995 WL 559381 (6th Cir. Sept. 20, 1995).  The Complaint simply contains no facts which reasonably associate the Defendant to any of the claims set forth by Plaintiff.

**Fourth Amendment**

Furthermore, Plaintiff failed to state a claim for relief under the Fourth Amendment. The Fourth Amendment, made applicable to the States by the Fourteenth, *Ker v. California*, 374 U.S. 23, 30 (1963),  protects the "right of the people to be secure in their persons, houses, papers and effects, against unreasonable searches and seizures." *Farm Labor Org. Comm. v. Ohio State Highway Patrol*, 308 F.3d 523, 543 (6th Cir. 2002) (citing *United States v. Place*, 462 U.S. 696,

700-701 (1983)). The Fourth Amendment, however, does not prohibit all searches or seizures of property. Only those which are unreasonable violate the Constitution. *Camara v. Municipal Court of San Francisco*, 387 U.S. 523, 539 (1967); *Pleasant v. Zamieski* 895 F.2d 272, 277 (6th Cir. 1990). The reasonableness determination requires a "careful balancing of governmental and private interests." *New Jersey v. T.L.O.*, 469 U.S. 325, 334-335 (1985). A search or seizure of property is *per se* unreasonable within the meaning of the Fourth Amendment unless it is accomplished pursuant to a judicial warrant or judicial order. *See Farm Labor*, 308 F.3d at 543 (citing Place, 462 U.S. at 701). Conversely, where the officers were acting pursuant to a court order, the seizure of property is presumed to be reasonable. *Soldal*, 506 U.S. at 71. Plaintiff alleges the documents were seized from his home pursuant to a warrant signed by a Common Pleas Court Judge. He does not provide any other factual allegations. As written, Plaintiff has not stated a claim for violation of the Fourth Amendment.

Accordingly, this action is dismissed pursuant to 28 U.S.C. §1915(e). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[1]

IT IS SO ORDERED.

s/ Christopher A. Boyko
CHRISTOPHER A. BOYKO
UNITED STATES DISTRICT JUDGE

DATED: December 20, 2016

---

[1] 28 U.S.C. § 1915(a)(3) provides:

> An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith.